UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-0062 FMO (KSx) | Date | August 4, 2023 |
|---|---|---|---|
| Title | Neil Yu v. Tesla Energy Operations, Inc., et. al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff: | | Attorney Present for Defendants: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Motion for Attorney's Fees and Costs

Having reviewed all the briefing filed with respect to plaintiff's Motion for Attorney's Fees, (Dkt. 76, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND**

On January 5, 2021, plaintiff Neil Yu ("plaintiff") filed a Complaint alleging that defendants Tesla Energy Operations, Inc. ("Tesla" or "defendant") and Equifax Information Services, LLC ("Equifax") violated: (1) the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. §§ 1681, et seq; (2) the California Rosenthal Fair Debt Collection Practices Act, ("CFDCPA"), Cal. Civ. Code §§ 1788, et seq.; and (3) the California Consumer Credit Reporting Agencies Act, ("CCRAA"), Cal. Civ. Code §§ 1785, et seq. (See Dkt. 1, Complaint at ¶¶ 7-27). On March 1, 2021, Tesla filed a Motion to Compel Arbitration or, Alternatively, to Dismiss. In response to the motion to compel arbitration, plaintiff filed a First Amended Complaint, which dropped Tesla as a defendant and dismissed the CFDCPA and CCRAA claims. (See, generally, Dkt. 20, First Amended Complaint []). Plaintiff also filed a Notice of Qualified Non-Opposition to Tesla's motion to compel arbitration, stating that "the Lease upon which Tesla's motion is based was not signed by Plaintiff Neil Yu[,]" and therefore, plaintiff would "pursue the action under an amended Complaint." (See Dkt. 21, Notice of Qualified Non-Opposition to Defendant [Tesla's] Motion to Compel Arbitration, or, Alternatively, to Dismiss at 1).

On June 14, 2021, plaintiff filed a motion to reinstate the action against Tesla, and for leave to file a second amended complaint on the ground that documents produced during discovery by Equifax "showed that Tesla had erroneously confirmed the credit reporting of the Tesla account on Neil Yu's credit report[.]" (See Dkt. 31, Motion [] to Reinstate the Action Against [Tesla], and [] for Leave to File Second Amended Complaint [] at 4). The court granted plaintiff's motion, (see Dkt. 35, Court's Order of July 16, 2021), and plaintiff filed a Second Amended Complaint ("SAC"), reinstating Tesla as a defendant and the causes of action raised in the original Complaint. (Compare Dkt. 36, SAC, with Dkt. 1, Complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-0062 FMO (KSx) | Date | August 4, 2023 |
|---|---|---|---|
| Title | Neil Yu v. Tesla Energy Operations, Inc., et. al. | | |

On March 7, 2022, the court granted Tesla's Motion to Dismiss, and directed plaintiff to file a third amended complaint. (See Dkt. 53, Court's Order of March 7, 2022, at 9). On March 15, 2022, plaintiff filed a Third Amended Complaint ("TAC") against Tesla and Equifax, asserting claims under the FCRA and the CCRAA. (See Dkt. 54, TAC at ¶¶ 7-23). On March 17, 2022, the court entered an order dismissing the action without prejudice as to Equifax based on a settlement between plaintiff and Equifax. (See Dkt. 57, Court's Order of March 17, 2022).

On March 31, 2022, Tesla filed its answer to the TAC. (See Dkt. 59, [Tesla's] Answer to Plaintiff's Third Amended Complaint). On June 24, 2022, plaintiff filed a notice of settlement, stating that he and Tesla had settled the case. (See Dkt. 64, Plaintiff's Notice of Settlement with [Tesla]). Accordingly, the court dismissed the action on June 29, 2022. (See Dkt. 66, Court's Order of June 29, 2022). On July 8, 2022, the parties filed a Stipulation to Re-Open Case for the Limited Purpose of a Motion to Determine Attorney's Fees and Costs, (see Dkt. 67), which the court granted. (See Dkt. 68, Court's Order of July 11, 2022).

**LEGAL STANDARD**

A court must award reasonable attorney's fees and costs to the prevailing party in an action arising under both the FCRA and the CCRAA. See 15 U.S.C. §§ 1681n & 1681o (availability of attorney's fees and costs to prevailing party for willful and negligent violations of the FCRA); Cal. Civ. Code § 1785.31 (availability of attorney's fees and costs to prevailing party under the CCRAA). An award of attorney's fees is determined using the lodestar method, which is "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."[1] Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008) (internal quotation marks omitted). "There is a strong presumption that the lodestar figure represents a reasonable award, and the figure should only be departed from if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary." Hiken v. Department of Defense, 836 F.3d 1037, 1044 (9th Cir. 2016) (internal quotation marks omitted).

**DISCUSSION**

Defendant does not challenge plaintiff's prevailing party status. (See, generally, Dkt. 83, Defendant [Tesla's] Opposition to Plaintiff's Motion for Attorney's Fees ("Opp.")). However, defendant contends that plaintiff's attorney's fees request of $204,454.05 is unreasonable and that the court should "discount the fees by at least $75,005.75."[2] (See id. at 4-15).

---

[1] Because "California courts also apply the lodestar method[,]" Kim v. BMW Financial Services NA, LLC, 2015 WL 12734013, *4 n. 6 (C.D. Cal. 2015), the court relies on Federal law.

[2] Plaintiff deducted $2,507 from the requested amount based on time that Tesla was not a defendant in the case. (See Dkt. 84, Plaintiff's Reply Brief on Motion for Attorney's Fees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-0062 FMO (KSx) | Date | **August 4, 2023** |
|---|---|---|---|
| Title | **Neil Yu v. Tesla Energy Operations, Inc., et. al.** | | |

I.  ATTORNEY'S FEES.

 A.  Reasonable Hourly Rates.

To determine the appropriate lodestar amount, the court assesses the reasonableness of the hourly rate. See Credit Managers Ass'n of S. Cal. v. Kennesaw Life and Accident Ins. Co., 25 F.3d 743, 750 (9th Cir. 1994). A party seeking attorney's fees bears the burden of demonstrating that the requested hourly rate is "in line with the prevailing market rate of the relevant community." See Carson v. Billings Police Dep't, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks omitted). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." Camacho, 523 F.3d at 979; Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1110 (9th Cir. 2014) (same). The court must look to the prevailing market rates for attorneys of comparable skill, experience, and reputation in the relevant community. See Camacho, 523 F.3d at 979. Typically, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

Here, plaintiff requests $695 an hour for attorney Robert F. Brennan ("Brennan") and $550 for attorney Stephanie Tatar ("Tatar"). (See Dkt. 76, Motion at 13). Plaintiff also seeks an hourly rate of $475 for attorney Stephen Crilly ("Crilly"); $225 for paralegal Robert Bichler ("Bichler"); and $200 for paralegal Rachel Garrison ("Garrison"). (See Dkt. 77, Declaration of Robert F. Brennan [] ("Brennan Decl.") at ¶¶ 31 & 33).

Defendant does not challenge the reasonableness of these rates. (See, generally, Dkt. 83, Opp. at 4-13). In addition, the court has independently reviewed the record, and finds that the requested hourly rates are reasonable for the Los Angeles market. (See Dkt. 77, Brennan Decl. at ¶ 29) (stating that Brennan has over 34 years' experience in consumer litigation); (Dkt. 77, Exhibit ("Exh.") 2, Excerpts of 2017-2018 United States Consumer Law Attorney Fee Survey for California ("Fee Survey") at 229) (noting that the average attorney hourly rate for an attorney with 31-35 years of experience practicing consumer law is $731); (Dkt. 78, Declaration of Stephanie Tatar [] ("Tatar Decl.") at ¶ 6) ("I have practiced extensively in consumer protection litigation for over twenty (20) years."); (Dkt. 78, Tatar Decl., Exh. B, Fee Survey at 229) (noting that average attorney hourly rate for an attorney with 16-20 years of experience is $562, and the average attorney hourly rate for an attorney with 21-25 years of experience practicing consumer law is $534).

---

("Reply") at 8). Plaintiff seeks an additional $16,645 for fees incurred in preparing his Reply, (see id. at 11), resulting in a total fee request of $218,592.05. The court notes that plaintiff asserts a total fee request of $215,622.05 in his Reply, which appears to take into account a $2,970 deduction in costs related to the deposition of Thomas Tarter. (See id. at 10-11). The court will apply the $2,970 deduction in its calculation of costs, not attorney's fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-0062 FMO (KSx) | Date | August 4, 2023 |
|---|---|---|---|
| Title | Neil Yu v. Tesla Energy Operations, Inc., et. al. | | |

B.   Reasonable Hours.

To determine the appropriate lodestar amount, the court must also assess the "number of hours reasonably expended on the litigation[.]" Credit Managers Ass'n of S. Cal., 25 F.3d at 750 (internal quotation marks omitted). "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are excessive, redundant, or otherwise unnecessary." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (internal quotation marks omitted).

As an initial matter, the court is persuaded, based on its independent review of plaintiff's fee application, that the number of hours devoted to the instant action is somewhat excessive. See Gates v. Deukmejian, 987 F.2d 1392, 1401 (9th Cir. 1992) (court has duty "to independently review plaintiffs' fee request even absent defense objections"); (Dkt. 77, Exh. 3, Invoice); (Dkt. 78, Exh. A, SRT Time Sheets); (Dkt. 85, Reply Declaration of Robert F. Brennan [], Exhibit 1, Invoice). To address this, the court will apply a ten percent across-the-board reduction. See Gates, 987 F.2d at 1399 ("[T]he district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure 'as a practical means of trimming the fat from a fee application.'"); Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he district court can impose a small reduction, no greater than 10 percent – a 'haircut' – based on its exercise of discretion and without a more specific explanation.").

Defendant makes several arguments as to why plaintiff's lodestar is unreasonable. First, defendant argues that "Brennan's expended hours and charged fees are unreasonable in proportion to the amount recoverable in this litigation." (Dkt. 83, Opp. at 4). In particular, defendant contends that plaintiff "never stated what amount of compensatory damages he sought" and he "continued to aggressively litigate the case as the parties geared up for trial and rejected Tesla's settlement offers multiple times – settlement offers that were not far-off from the ultimate settlement amount[,]" and "[i]f Plaintiff had given Tesla any indication earlier in the case that it was seeking $25,000 in damages[,] . . . this matter would have settled well before Plaintiff's counsel racked up over $200,000 in legal fees."[3] (See id. at 5-6). Defendant's contentions are unpersuasive.

Tesla ignores the full extent of the relief plaintiff obtained in this case.[4] One of plaintiff's

---

[3] The court is troubled by defense counsel's conduct in ignoring its own confidentiality clause by disclosing the settlement amount. (See Dkt. 76, Motion at 10) (noting that "Tesla's final offer is confidential[.]"). While the court may have required knowledge of the settlement amount to rule on the pending Motion, defense counsel should have sought permission to redact the settlement amount from the public record.

[4] Given that the claims against Tesla and Equifax involved a common core of facts and related legal theories, the settlement between plaintiff and Equifax – although the amount was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-0062 FMO (KSx) | Date | August 4, 2023 |
|---|---|---|---|
| Title | Neil Yu v. Tesla Energy Operations, Inc., et. al. | | |

primary objectives in filing the instant case was to remove the Tesla tradeline off his credit report. (See Dkt. 84, Reply at 1). Indeed, that is one of the objectives in most FCRA cases. See, e.g., Quigley v. Pennsylvania Higher Educ. Assistance Agency, 2000 WL 1721069, *1 (N.D. Cal. 2000) (noting plaintiff's prior settlement with defendant requiring it "to remove all [disputed] tradelines"). Further, the court is not persuaded, as defendant contends, (see Dkt. 83, Opp. at 5), that the settlement amount constitutes "limited success" in relation to the amount of fees sought. In other words, had plaintiff obtained only the monetary relief paid by Tesla, that would not require a reduction in plaintiff's lodestar.

In Evon v. Law Offs. of Sidney Mickell, 688 F.3d 1015 (9th Cir. 2012), the Ninth Circuit examined a case brought under the Fair Debt Collection Practices Act ("FDCPA") where the plaintiff accepted a settlement of $1,010.99, and plaintiff's counsel sought $91,474 in attorney's fees. See id. at 1021 & 1032. The district court "denied recovery for all but the amount of time necessary to draft [the plaintiff's] complaint[,]" finding "that the case had merely nuisance value[;]" "that the level of success achieved was next to zero[;]" and "that the hours [the plaintiff's] attorney spent on the case were excessive and avoidable[.]" See id. at 1032 (internal quotation marks omitted). In reversing the district court's fee award, the Ninth Circuit explained that,

> while the amount of damages recovered is relevant to the amount of attorney's fees awarded, it is only one of several factors that a court must consider in determining the fee award. We have specifically instructed that courts should not reduce lodestars based on relief obtained simply because the amount of damages recovered on a claim was less than the amount requested. Moreover, in City of Riverside[ v. Rivera, 477 U.S. 561, 106 S.Ct. 2686 (1986)], the Supreme Court, in the context of civil rights statutes, expressly rejected the proposition that fee awards must be in proportion to the amount of damages recovered. The same is true in consumer protection cases: where the monetary recovery is generally small, requiring direct proportionality for attorney's fees would discourage vigorous enforcement of the consumer protection statutes.

Id. (internal citations and quotation marks omitted); see id. ("Lastly, while the award here was small, that is not necessarily controlling because an award of nominal damages can represent a victory in the sense of vindicating rights even though no actual damages are proved.") (internal quotation marks omitted); Bravo, 810 F.3d at 672 (Reinhardt, Judge, concurring) (stating in § 1983 case that "[i]f we were to adopt a rule that limited attorney's fees in civil rights cases to an amount

---

provided to the court, presumably because it was confidential – should also be "consider[ed] in evaluating the reasonableness of an attorney fee award." Bravo v. City of Santa Maria, 810 F.3d 659, 666 (9th Cir. 2016) ("We hold now that the district court may, within the exercise of its discretion, consider the damages portion of a settlement payment by other defendants in evaluating a plaintiff's degree of success.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-0062 FMO (KSx) | Date | **August 4, 2023** |
|---|---|---|---|
| Title | **Neil Yu v. Tesla Energy Operations, Inc., et. al.** | | |

that is commensurate with the damages received, it would cripple the ability of victims suffering low or moderate economic damages to find competent counsel to pursue claims involving the violation of their rights"); see, e.g., City of Riverside, 477 U.S. at 581, 106 S.Ct. at 2697 (affirming fee award of $245,456.25 where the damages recovered were only $13,300); Bravo, 810 F.3d at 666-67 (affirming fee award of $1.023 million for jury verdict of $5,000 and non-monetary relief and also holding that district court could consider scope of relief obtained from plaintiff's settlement with a co-defendant).

Under the FCRA, a plaintiff may receive statutory damages between $100 and $1,000 per violation. See 15 U.S.C. § 1681n(a); Bassett v. ABM Parking Servs., Inc., 883 F.3d 776, 778 (9th Cir. 2018). Thus, the amount plaintiff obtained is significant and constitutes complete recovery within the meaning of the FCRA. See, e.g., Evon, 688 F.3d at 1033 (noting that "although [plaintiff] settled the case for a relatively small amount [], she recovered the full amount of allowable statutory damages" which "represents a complete recovery under the statutory scheme"); see also, Panahiasl v. Gurney, 2007 WL 738642, *2 (N.D. Cal. 2007) (noting that the FCRA is "a statutory scheme very similar to the FDCPA"); id. (analogizing the FDCPA to the FCRA in justifying awards for damages under the FDCPA); Cabral v. Capitol Mgmt. Servs., L.P., 2014 WL 257878, *2 (D. Nev. 2014) (noting that the FCRA "is similar to the FDCPA"). Further, as noted earlier, not only did plaintiff receive a $25,000 settlement, he was also able to get Tesla to stop reporting a debt that plaintiff never owed. (See Dkt. 76, Motion at 7) ("Tesla did not cease its credit reporting of the Zhou account onto Mr. Yu's credit report until May of 2021, coincident with Plaintiff's notification that he would seek to add Tesla back into the case as a defendant."). In short, the court will not reduce Brennan's fees based on Tesla's proportionality argument.

Second, defendant contends that "all fees sought" for work done "prior to the filing of the Second Amended Complaint naming Tesla as a defendant should not be recovered." (See Dkt. 83, Opp. at 7). According to Tesla, it should not be liable for these amounts because "Plaintiff and his counsel admit that the Original Complaint was mistakenly brought against Tesla." (See id.). Again, defendant's contentions are unpersuasive.

While plaintiff did voluntarily dismiss defendant without prejudice "pending further investigation[,]" (see Dkt. 77, Brennan Decl. at ¶ 7), it cannot be said that plaintiff's initial decision to name Tesla as a defendant was due to "Plaintiff's counsel's lack of diligence[,]" as defendant contends, (see Dkt. 83, Opp. at 7), as it is undisputed that Tesla falsely reported on plaintiff's credit report an account that did not belong to plaintiff. (See, e.g., Dkt. 76, Motion at 4) ("At the time of Plaintiff's original Complaint, Tesla was reporting Plaintiff's account to Equifax as a 20-year loan[.]").

What's more, Tesla improperly withheld critical information plaintiff needed to determine whether Tesla was a proper party, and instead represented repeatedly that Tesla's reporting to Equifax was accurate. (See Dkt. 76, Motion at 5-8). Tesla went so far as to file a declaration from one of its employees stating that "[o]n August 23, 2013, SolarCity and Plaintiff entered into a 20-year Lease" and "a two-page lease addendum[,]" and that "Tesla, Inc. Acquired SolarCity in 2016,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-0062 FMO (KSx) | Date | August 4, 2023 |
|---|---|---|---|
| Title | Neil Yu v. Tesla Energy Operations, Inc., et. al. | | |

and SolarCity changed its name to Tesla Energy Operations, Inc. in 2018[.]" (See Dkt. 16-2, Declaration of Brionne Collins in Support of [Tesla's] Notice of Motion and Motion to Compel Arbitration or, Alternatively, to Dismiss ("Collins Decl.") at ¶¶ 3-5). As Tesla now acknowledges, plaintiff never entered into those agreements,[5] (see Dkt. 83, Opp. at 2), but Tesla, nevertheless, "falsely credit-reported" an account belonging to "a completely unrelated couple, the Zhous[,]" as belonging to plaintiff. (See Dkt. 77, Brennan Decl. at ¶¶ 4 & 9). In other words, it appears that Tesla's inaccurate representations prolonged this litigation substantially and necessitated significant amounts of investigation by plaintiff's counsel to identify the source of the inaccurate credit reporting. See, e.g., De Amaral v. Goldsmith & Hull, 2014 WL 1309954, *6 (N.D. Cal. 2014) ("While the amount of fees generated in this litigation seems quite high, the cause was in large part the defendants' decision to litigate this matter aggressively[.]"); Rutherford v. Palo Verde Health Care Dist., 2016 WL 11756792, *2 (C.D. Cal. 2016) ("Ultimately, the inability of counsel in this action to work in a collaborative manner led to a substantial amount of litigation. A more appropriate working relationship could have streamlined many issues, and avoided the need to litigate others. The aggressive litigation tactics, which were not productive, led to excessive costs for all parties."). Thus, the court will not reduce plaintiff's attorney's fees prior to plaintiff's voluntary dismissal of defendant.

Third, Tesla asserts that the "[h]ours accrued when Tesla was not named in the suit and Equifax was the sole defendant should not be recoverable against Telsa." (See Dkt. 83, Opp. at 9). Specifically, Tesla contends "that $43,697.75, the fees charged against Tesla from the inception of the matter through when Tesla was added as a defendant in the Second Amended Complaint be discounted from the total fee amount Plaintiff's counsel seeks." (See id. at 12) (bolding and footnote omitted). According to Tesla, it should not "be on the hook for legal fees accrued by Plaintiff when it was not even a named party in this case." (See id. at 7). Again, defendant's assertions are unpersuasive.

As an initial matter, Tesla was not, as noted earlier, mistakenly named in this case; rather, it was mistakenly dismissed based on Tesla's inaccurate representations to plaintiff's counsel as to whether Tesla was inaccurately reporting plaintiff's account to Equifax.[6] Thus, Tesla's absence

---

[5] Plaintiff did enter into a "power purchase agreement with LA Solar Group," with which "Tesla has never had any connection or ownership[.]" (See Dkt. 83, Opp. at 2).

[6] There appears to be no dispute as to whether the claims against Equifax and Telsa involved a common core of facts and/or were based on related legal theories. See Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940 (1983) (explaining that "no fee may be awarded for services on [an] unsuccessful claim" that is "based on different facts and legal theories" from a successful claim. However, "[i]n other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories."). Thus, given the unusual procedural history of this case, plaintiff, arguably, did not need to reduce any hours for the time Tesla was not in the case since Tesla's short absence from the case was caused by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-0062 FMO (KSx) | Date | August 4, 2023 |
|---|---|---|---|
| Title | Neil Yu v. Tesla Energy Operations, Inc., et. al. | | |

from the case has only limited relevance in assessing plaintiff's fee application.

In any event, plaintiff subtracted $2,507 as "Equifax-only time from this time period[.]"[7] (See Dkt. 84, Reply at 8). Tesla challenges plaintiff's "Equifax-only" reductions, stating that "some of the highlighted entries that are 'Equifax only' mimic other entries in this period that are *not* highlighted for discount. For example, the tasked billed on April 21, 2021, for 'Conf. with SC and Lindsay F. Re: Joint Rule 26(f) final edits and make same' is highlighted as Equifax only. Yet, many entries the week before, which all contain tasks related to editing the 'Joint Rule 26(f) report,' are not highlighted, and are included in the fees sought against Tesla." (See Dkt. 83, Opp. at 10-11). Defendant sets forth nine entries, (see id. at 11), but doesn't specify which of those entries should be deducted as "Equifax only" billing. (See, generally, id. at 10-11). Although defendant did not – despite having the burden to do so, see Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1994) (fee opponents failed to meet burden of rebuttal because opponents failed to point out with specificity any charges that were excessive or duplicative) – indicate which specific entries are excessive or duplicative, given the small number of entries raised by defendant, the court independently reviewed them and agrees that these entries should be deducted, with the exception of two entries on April 6, 2021, that reference the "Tesla/Equifax nexus" and "possible witnesses." (See Dkt. 83, Opp. at 11). Accordingly, the court will subtract a total of $405 in attorney's fees.

Fourth, defendant argues that because it "was successful" in its motion to dismiss the TAC, it "should not be required to pay the fees associated with counsel's inadequate drafting" of the TAC. (See Dkt. 83, Opp. at 12). As an initial matter, defendant fails to identify any case law in support of this argument, (see, generally, id.), and, in any event, there is no doubt that plaintiff's drafting and filing of the TAC was necessary to his ultimate success in the litigation. See Cabrales v. Cnty. of Los Angeles, 935 F.2d 1050, 1053 (9th Cir. 1991) ("We hold . . . that a plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage."). Accordingly, the court will not subtract the fees associated with the TAC.

Finally, Tesla argues that *all* of the fees charged for post-settlement work should be

---

Tesla's inaccurate representations to plaintiff.

[7] Plaintiff's view as to when Tesla was in the case is based on when he received evidence demonstrating that Tesla was responsible for the false credit reporting. (See Dkt. 84, Reply at 7) ("Tesla was 'not in the case' for a very specific time period: March 17, 2021 (Plaintiff files his First Amended Complaint, which did not name Tesla) to May 21, 2021 (Plaintiff receives Equifax discovery responses, where the evidence demonstrated that Tesla was responsible for the false credit reporting)."). However, Tesla was not, in a technical sense, brought back into the case until July 16, 2021, when the court granted plaintiff's motion reinstating Tesla as a defendant and the causes of action raised in the original Complaint. (See Dkt. 35, Court's Order of July 16, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-0062 FMO (KSx) | Date | **August 4, 2023** |
|---|---|---|---|
| Title | **Neil Yu v. Tesla Energy Operations, Inc., et. al.** | | |

subtracted because they "are unreasonable." (See Dkt. 83, Opp. at 13-14). Specifically, defendant asserts that "[f]or counsel to bill close to what the case was worth after the case settled is counterintuitive and illustrates how warped the instant fee application is." (Id. at 13) (italics omitted). Defendant's assertions are unpersuasive, border on the frivolous, and demonstrate a misunderstanding of the law of attorney's fees. Instead of arguing that some of plaintiff's post-settlement hours are excessive and should be cut, Tesla makes the absurd argument that all hours, including the hours spent on the attorney's fees papers themselves, should be cut. (See id. at 13).

In support of its argument, defendant relies on Hernandez v. Spring Charter Inc., 2020 WL 1171121 (N.D. Cal. 2020), but that case only illustrates why Tesla's argument borders on the frivolous. In Hernandez, the plaintiff brought claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12181-89 and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, et seq. See id. at *1. The court found that spending "25 hours on a straightforward request for fees" that was "strikingly similar to fees motions [the plaintiff's counsel] has filed in other cases in th[e] District" was unreasonable, noting that "[t]he motion and [plaintiff's counsel's] declaration appear to have been copied and pasted from these other pages, except for the pages describing the case and details regarding the fees requested." See id. at *5. Accordingly, the Hernandez court deducted 13 hours from the requested 25 hours. See id.

The Hernandez court did not – as Tesla seeks here – deduct all hours requested by the plaintiff's counsel. Rather, it did what the law requires it to do – evaluate all the time spent by the prevailing party's counsel and assess whether it was reasonable in light of the various factors the court is required to consider. Moreover, application of the Hernandez decision provides no support for a reduction in the amount of post-settlement fees sought by plaintiff. For example, there is no basis to conclude that plaintiff's counsel "copied and pasted" the instant Motion, and a review of the procedural history reveals that what should have been a straightforward FCRA case was not, in large part because of Tesla's inaccurate representations regarding the reporting of plaintiff's account to Equifax.

Other than its reliance on Hernandez, Tesla provides no other basis to challenge the reasonableness of plaintiff's post-settlement hours. (See, generally, Dkt. 83, Opp. at 13-14). Thus, it has waived any challenge to the reasonableness of the hours. See Pop Top Corp. v. Rakuten Kobo Inc., 2022 WL 267407, *8 (N.D. Cal. 2022) ("[Party] did not object to the reasonableness of the hours expended or the requested hourly rates and has therefore waived any challenges to the amount of the fee award.").

      C.      Summary of Attorney's Fees.

Most of Tesla's opposition to plaintiff's fee application is based on broad, non-specific challenges to the reasonableness of plaintiff's hours. (See, generally, Dkt. 83, Opp. at 4-14). Tesla's challenge to the reasonableness of plaintiff's post-settlement fees is the closest Tesla comes to meeting its burden of rebuttal to point out with specificity any charges that were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-0062 FMO (KSx) | Date | August 4, 2023 |
|---|---|---|---|
| Title | Neil Yu v. Tesla Energy Operations, Inc., et. al. | | |

excessive or duplicative.  See Rowland, 39 F.3d at 1449.  Thus, except as set forth above, Tesla has waived any challenge to the reasonableness of the hours.  See Pop Top Corp., 2022 WL 267407, at *8.  In sum, the court awards the following reasonable attorney's fees:

| Brennan Law Firm | ($188,119.05 [request in moving papers] - $2,912 [Equifax only] + $16,645 [reply brief request]) x 0.9 [court's across-the-board cut] | $181,666.85 |
|---|---|---|
| Tatar Law Firm | ($16,335 x 0.9 [court's across-the-board cut] | $14,701.50 |
| | | Total: $196,368.35 |

II.  COSTS.

Plaintiff seeks $9,258.30 in costs, consisting of costs for service of process ($40), filing fees ($400), depositions ($8,768.30), and printing ($50).  (See Dkt. 77, Brennan Decl. at ECF 839) (seeking costs of $12,228.30); (Dkt. 88-1, Revised Proposed Order [] at 2) (removing $2,970 from costs based on money previously paid for Tarter deposition).  Defendant does not object to plaintiff's requested costs, beyond the payment for Tarter's deposition, which plaintiff removed from his request.  (See, generally, Dkt. 83, Opp.).  Accordingly, the court will award $9,258.30 in costs.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1.  Plaintiff's Motion for Attorney's Fees **(Document No. 76)** is **granted in part** and **denied in part**.  Plaintiff shall recover $196,368.35 in attorney's fees and $9,258.30 in costs from defendant.

2.  Judgment shall be entered accordingly.

Initials of Preparer       vdr